UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LINDA ANNE JOHNSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

Civil No. 08-365 (JMR/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Defendant's Motion to Dismiss for Failure to State a Claim [Docket No. 16]. Defendant asserts that plaintiff's Complaint is time barred and asks that this Court to dismiss her Complaint on those grounds. For the reasons discussed below, this Court finds that plaintiff's suit is time barred and recommends that it be dismissed.

**I.     BACKGROUND**

Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), plaintiff, Linda Anne Johnson, is seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") that she was not disabled and therefore not entitled to disability insurance benefits. See Docket Nos. 1, 10.

On February 13, 2006, an Administrative law Judge ("ALJ") issued a decision denying plaintiff benefits under Titles II and XVI of the Act. See Declaration of Earnest Baskerville [Docket No. 18] ("Baskerville Decl."), ¶ 3(a). Plaintiff requested a review of the ALJ's decision from the Appeals Council and on November 30, 2007, the Council

1

denied plaintiff's request for review. See Baskerville Decl., ¶ 3(a), Ex. 1. On November 30, 2007, the Social Security Administration ("SSA") sent a letter to plaintiff by mail notifying her of the Appeals Council's decision and that she had the right to commence a civil action within 60 days from the receipt of the notice. See Baskerville Decl., ¶ 3(a). Plaintiff appeared throughout the administrative review process without the assistance of legal counsel, despite being informed of her right to representation. Id.

Plaintiff never requested an extension of time to file a civil action. Id., ¶ 3(b). On February 11, 2008, plaintiff filed the instant civil action. Id., ¶ 3(c); Docket No. 1. In her response to the motion to dismiss, plaintiff argued that her delayed filing of her Complaint was a result of her attempt to find pro bono counsel. See Plaintiff's Response to Motion to Dismiss at pp. 1-2.

## II.     STANDARD OF REVIEW

A civil complaint will be dismissed upon motion by a defendant, if the plaintiff has failed to plead an actionable claim for relief against that defendant. Fed. R. Civ. P. 12(b)(6). To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendants under some established legal theory.

> At this stage of the litigation, we accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 8(a)(2). The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S.Ct. at 1964-65 & n. 3. Martin v. Aubuchon,

2

> 623 F.2d 1282, 1286 (8th Cir. 1980) ("the complaint must allege facts, which if true, state a claim as a matter of law").

Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). Thus, to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss. However, this does not mean that only the complaint itself may be reviewed.

> "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The court, however, "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted).

Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008).

Here, the notice of decision referenced (but not attached) by defendant setting forth plaintiff's right to commence a civil action within 60 days from the date of receipt of the decision is neither embraced by the Complaint, nor is it a public record. See Baskerville Decl., ¶ 3. As such, the motion must be converted to a motion for summary judgment.[1]

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving

---

[1] Plaintiff does not require any additional briefing or notice based on the conversion of the motion dismiss into one for summary judgment, given that her counsel responded to defendant's motion to dismiss and did not dispute any of the facts asserted by defendants in their initial moving papers.

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219 (8th Cir. 1999). "[S]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" DePugh v. Smith, 880 F. Supp. 651, 656 (N. D. Iowa 1995) (quoting Anderson, 477 U.S. at 248).

As the facts submitted by defendant in support of its motion, and the facts argued by plaintiff are not disputed,[2] the matter can be decided on summary judgment. That is, plaintiff does not dispute that ALJ's decision was dated November 30, 2007, or that it was sent to her on this date, or that it was received by plaintiff, or that the time period for commencing the instant suit was 65 days after the decision was mailed to her, or that she never made a request to the Appeals Council for additional time to commence her suit, or that she did not file her suit until February 11, 2008. Similarly, to the extent that plaintiff suggested in her brief that her late filing should be excused because she was representing herself and she did not find counsel until June 2008, are not disputed facts.

---

[2] No affidavit was submitted by plaintiff in response to defendant's motion. However, as argued by plaintiff in her response, based on the Court's suggestion after she had filed her initial Complaint that she retain counsel to assist her in this case, she did make efforts to find and was ultimately successful in obtaining counsel. See Docket Nos. 2-5, 7, 8.

**III.   ANALYSIS**

Judicial review of decisions on claims arising under Title II of the Social Security Act is provided for 42 U.S.C. § 405(g) and (h).  Section (g) articulates the procedure for commencing a civil action for judicial review:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

A "final decision" of the Commissioner may be obtained in one of two ways. First, the Appeals Council may grant the request for review and issue a final decision. See 20 C.F.R. § 404.981.  Alternatively, as in this case, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner.  Id.  The Appeals Council denied plaintiff's appeal in a letter dated November 30, 2007, making the ALJ's February 13, 2006 decision denying social security benefits a final decision for the purposes of 42 U.S.C. § 405(g).

According to the statute, the 60-day limitations period begins to run "after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  The Code of Federal Regulations interprets this provision to mean that the period begins to run on the date that the individual receives notice of the decision.  See 20 C.F.R. § 404.981.  Receipt is presumed to be five days after the mailing of the decision unless there is a reasonable showing to the contrary.  See 20 C.F.R. § 422.210(c).  The 60-day limitation period may also be extended by the Appeals Council upon a showing of good cause.  Id.

5

Accordingly, based on 42 U.S.C. § 405(g) and the applicable regulations, 20 C.F.R. 404.981 and 422.210(c), claimants have a total of 65 days from the date of the mailing of the Appeals Council decision to commence a civil action, except where a reasonable showing disputes the date of receipt or where the Commissioner has extended the time period upon a showing of good cause.  This sixty-day period is "a condition on the waiver of sovereign immunity and . . . must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986).

In the instant case, the letter notifying plaintiff of the ALJ's decision was dated and sent on November 30, 2007.  See Baskerville Decl., ¶ 3(a); Ex. 1; see also Amended Complaint, ¶ 5 [Docket No. 10].  Counting forward 65 days, plaintiff's Complaint was required to be filed on or before February 4, 2008 (65 days plus one day because the period ran on a Sunday (see Fed. R. Civ. P. 6(a)(3)).  Plaintiff's Complaint was not filed until February 11, 2008.  See Baskerville Decl., ¶ 3(c); Docket No. 1.

No evidence has been presented disputing receipt of the Appeals Council's decision by plaintiff.  In addition, the Commissioner has stated that no request for an extension of time to file the Complaint was made to the Appeals Council, and plaintiff has not provided this Court with any evidence to the contrary.  See Baskerville Decl. ¶ 3(b).  Further, to the extent that plaintiff has asked that the limitations period be excused because she could not find free legal representation before she filed her Complaint, the facts before this Court do not support such a request.  The Court has no indication that plaintiff attempted to find counsel after she received the ALJ decision and before she filed the Complaint.  In fact, the evidence shows that it was this Court that first suggested to plaintiff that she should seek legal assistance, and the records show that any efforts she expended to find counsel occurred after that time.  See Docket Nos. 2-5,

6

7, 8. Most importantly, "the circumstances here do not justify tolling the sixty-day statute of limitations." Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988). As the Eighth Circuit observed in Turner:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. Smith v. McClammy, 740 F.2d 925, 927 (11th Cir. 1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir. 1979).
>
> Succinctly stated, this is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)).

Id.

Because plaintiff's Complaint was required to have been filed by February 4, 2008, and plaintiff's Complaint was not filed until February 11, 2008, the suit is untimely and her suit must be dismissed with prejudice.

### III.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that defendant's Motion to Dismiss [Docket No. 16], as converted into a motion for summary judgment by this Court, be **GRANTED**, and plaintiff's complaint be dismissed with prejudice.

Dated:        April 9, 2009

> s/ *Janie S. Mayeron*
> JANIE S. MAYERON
> United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 27, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.